SCHOTT, Judge.
Plaintiff appeals from a dismissal of its suit filed pursuant to LSA-C.C.P. Arts. 2771, 2772 for a deficiency judgment after defendant’s 1967 Rambler was sold by the Civil Sheriff of the Parish of Orleans on March 17, 1971.
Plaintiff originally instituted ordinary proceedings against defendant on September 4, 1970, after service of the petition and citation on him took a default judgment on October 14, 1970, and confirmed the default on October 23, 1970. No appeal was taken by defendant and the automobile was sold pursuant to a writ of fieri facias.
Since the automobile was not sold under executory proceedings as defined by C.C.P. Art. 2631 plaintiff was not entitled to a deficiency judgment under C.C.P. Art. 2771, and its suit was properly dismissed by the trial judge. Since plaintiff already had a judgment for the full amount of the debt originally sued upon, a deficiency judgment would be superfluous.
*743 Both parties have addressed themselves exclusively to the question of whether the appraisers complied with LSA-R.S. 13:4365 requiring- them “to make a true and just appraisement of the property,” prior to the sale and have related this issue to plaintiff’s right to a deficiency judgment. While the issue might be raised in other proceedings such as a suit to annul the sale or a suit to enjoin further execution of the original judgment, it is not properly before us, as a defense to a deficiency judgment action which is unauthorized in any event.
The situation between the parties is much the same as that which existed in Hagedorn Motors, Inc. v. Jones, 280 So.2d 643 (La.App. 1st Cir. 1973).
Affirmed.