DOMENGEAUX, Judge.
This appeal follows a deficiency judgment against the heirs of a continuing guarantor. The heirs appeal on the issues of the validity of the continuing guarantee and its enforcibility in a suit for a deficiency judgment where there was an untimely appraisal of the immovables also securing the principal debtor’s obligation. Because we hold that under the applicable jurisprudence a deficiency judgment against the heirs of the guarantor is prohibited by the public policy proclaimed in La.R.S. 13:4106 and 4107, we decline to address the validity of the continuing guarantee.
On August 26, 1981, A.G. LaHaye executed a continuing guarantee in the amount of $282,000.00 in favor of the Guaranty Bank of Mamou (Bank). The guarantee provided additional security for a growing number of promissory notes owed by Community Rice Mill, Inc. (Mill) to the Bank. The Mill’s indebtedness to the Bank was primarily secured by various collateral mortgages, chattel mortgages, and the pledge of warehouse receipts.
When the Mill defaulted leaving an alleged outstanding balance owed of $1,073,- *737 000.00 the Bank sued the Mill and the heirs of LaHaye. The Mill acquiesced in the judgment against it, and the Bank reserved its rights against the LaHaye heirs on the basis of the continuing guarantee.
Pursuant to the consent judgment against the Mill, a writ of fieri facias issued and the assets of the Mill were seized. The Mill was not served with notice to appoint an appraiser and the appraisals of the Mill’s assets subject to sale were returned to the sheriff on the day of the sale. However, the Mill raised no issue of inadequate or illegal appraisal either before or after the sale.
Subsequently, the Bank brought suit against the LaHaye heirs seeking a deficiency judgment on the basis of the continuing guarantee. The heirs denied their liability and asserted that: (1) the guarantee was too ambiguous to be enforceable; (2) that even if the guarantee created a definite obligation on the part of the surety, it secured only one note in the amount of $500,000.00 that had been marked paid; and at any rate, (3) a deficiency judgment under the circumstances of this case was prohibited by public policy. The trial court found in the Bank’s favor and rendered judgment on all the notes sued upon with interest from their dates of default. The appellants (heirs of LaHaye) have appealed the district court’s judgment citing basically the same objections to liability that were raised in the court below.[1]
The appellants’ first three assignments of error question the trial judge’s ruling that the absolute bar to a deficiency judgment articulated in La.R.S. 13:4106 benefits only those persons who have a proprietary interest in the property sold at the judicial sale. La.R.S. 13:4106 states that if an appraisal of the property to be sold at the judicial sale is not conducted, the creditor cannot take a deficiency judgment against the debtor.[2] La.R.S. 13:4107 adds that the rule expressed above is a matter of public policy that may not be waived, even by the debtor.[3]
The appellants cite us to La.C.C.P. Art. 2332 which requires that the property seized under fieri facias must be appraised *738 according to law and to La.R.S. 13:4363 A for , the rule that appraisals of the property to be sold must be delivered to the sheriff at least two days before the sale.
In this case, the appraisal was delivered to the sheriff on the day of the sale. An untimely appraisal is tantamount to none at all. Massey-Ferguson Credit Corporation v. Douglas, 448 So.2d 817 (La.App. 2nd Cir.1984), writ denied, 450 So.2d 360 (La. 1984). The appellants argue that inasmuch as the deficiency judgment against the principal debtor (the Mill) would be prohibited, a suit against the surety for the deficiency is likewise proscribed. The appellants reason that the public policy so explicitly enunciated in La.R.S. 13:4107 would be defeated if the creditor could circumvent the Deficiency Judgment Act by merely suing the surety who would .then sue the debtor for subrogation pursuant to the surety contract.
We agree. For an excellent review of the policy considerations underlying our decision, see GMAC v. Smith, 399 So.2d 1285 (La.App. 4th Cir.1981) which is quoted extensively in our own Third Circuit case of Domingues Motors, Inc. v. LaLonde, 417 So.2d 900 (La.App. 3rd Cir.1982).
For the above and foregoing reasons, the judgment of the district court is reversed. It is furthermore Ordered, Adjudged, and Decreed that the deficiency judgment suit by Guaranty Bank of Mamou against the heirs of LaHaye (Glen LaHaye, George Wayne LaHaye, Emily Deshotels LaHaye, and Flora Jane LaHaye Devillier) be, and the same is hereby dismissed with prejudice. All costs of this appeal are to be taxed against the plaintiff-appellee, Guaranty Bank of Mamou.
REVERSED AND RENDERED.
GUIDRY, J., concurs and assigns reasons.
STOKER, J., concurs for the reasons assigned by GUIDRY, J.
TEEKELL, J. pro tem, dissents and assigns reasons.

.The appellants assign eight errors as follows:
“1. The Trial Court erred in failing to hold that a continuing guarantor cannot assert defenses under the Deficiency Judgment Act. [sic]
2. The Trial Court erred in holding that the failure to have a timely appraisal barred a deficiency judgment action against a continuing guarantor, [sic]
3. The Trial Court erred in failing to find that the continuing guarantor’s rights of subro-gation were impaired when the creditor's action prevented a deficiency judgment against the principal debtor. The court further erred in failing to hold that the impairment of subrogation constitutes a full release of the continuing guarantor.
4. The Trial Court erred in failing to find that the Bank’s violation of R.S. 6:239, which requires a note to refer to the collateral securing it, barred the Bank from collecting on a guaranty not listed on any of the notes sued upon.
5. The Trial Court erred in failing to find the continuing guaranty document was ambiguous.
6. The Trial Court erred in failing to construe a gratuitous suretyship contract in a manner most advantageous to the surety.
7. The Trial Court erred in not construing an ambiguous contract against the Bank, the drafter of the document.
8. The Trial Court misapplied the burden of proof and placed the burden upon the continuing guarantor to exonerate himself from an ambiguous agreement rather than placing the burden of proof on the Bank to show that the agreement secured the debt being sued upon.”

. La.R.S. 13:4106 states:
“If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.”

. La.R.S. 13:4107 provides:
“R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.”