KLIEBERT, Judge.
Defendants Vick’s Sand Pit and Dredging, Inc. (Vick’s) and Victor Phillip (Phillip) take this devolutive appeal from a judgment which denied their request for injunc-tive relief against further execution of a *664 money judgment by plaintiff Associates Commercial Corporation (Associates) and the Sheriff of Jefferson Parish. The in-junctive relief was sought on the grounds that property previously sold under a writ of fi. fa. to satisfy a money judgment was improperly appraised. The issues originally presented were (1) whether this appeal was timely and (2) whether the Deficiency Judgment Act (LSA-R.S. 13:4106 et seq) was applicable under the circumstances involved here. In oral argument appellee withdrew its motion to dismiss the appeal as untimely. We discern no error in the judgment of the trial court and hence affirm the judgment in all respects.
Associates instituted a suit via ordina-ria to enforce a promissory note executed by Vick’s through its owner, Phillip. The note represented the balance due on the purchase price of a dump truck. Associates also sought recognition of a mortgage on the truck and a continuing guaranty by Phillip securing payment of the note. After trial judgment was rendered in Associates’ favor against Vick’s and Phillip for $85,958.68. After the appeals delays expired, Associates obtained a writ of fi. fa. under which the Sheriff seized the truck and proceeded to advertise a judicial sale of same. When neither party appointed an appraiser, the Sheriff appointed Judson Du-gas and William Kass as appraisers representing defendant and plaintiff respectively. Dugas appraised the property at $34,-000.00; Kass at $36,000.00. The sheriff did not appoint a third appraiser to resolve the conflict as required by LSA-R.S. 13:4365. Associates purchased the truck for two-thirds of the lower appraised value, i.e., $23,800.00 and the writ of fi. fa. was returned unsatisfied.
Associates filed a motion for a judgment debtor examination and seized bank accounts and immovable property owned by Vick's and Phillip. Upon learning of the defect in the appraisal process, Associates filed a pleading entitled “Motion for Order Vacating the Sheriff’s Sale and For Recon-ducting Sheriff’s Sale.” Vick’s and Phillip filed a petition seeking an injunction (1) prohibiting Associates and/or the Sheriff of Jefferson Parish from reconducting the sale and from executing on the balance- due under the money judgment and (2) ordering the clerk of court to cancel any inscription of the judgment from the mortgage records. The stated grounds for the injunction were that the appraisers were incompetent, the appraisals were “shockingly low,” and a third appraiser had not been appointed as required by law.
By judgment dated March 31, 1987 the trial court denied the petition for an injunction and dismissed as moot the motion to reconduct the sheriff’s sale. Vick’s and Phillip filed a motion for a devolutive appeal on April 24, 1987 and in conjunction therewith secured an order from the trial court staying further action by Associates against bank accounts and real property, but maintaining seizures in effect. Associates filed a motion in this court to recall and set aside the stay order and dismiss the appeal as untimely. The motion to set aside the stay order was denied and the motion to dismiss was referred to this panel. See No. 87-CA-370 on the docket of this court.
Vick’s and Phillip contend the Deficiency Judgment Act is applicable to sales under writ of fi. fa. so as to give rise to an injunction against further execution of a money judgment where property previously sold is improperly appraised. However, as pointed out by Associates and the Sheriff, and admitted by Vick’s and Phillip, the Louisiana Supreme Court reached the opposite conclusion in Guaranty Bank of Mamou v. Community Rice Mills, Inc., 502 So.2d 1067 (La.1987).
Guaranty Bank of Mamou involved a factual situation similar to the present in that collateral seized and sold under a writ of fi. fa. was insufficient to satisfy the writ of fi. fa. and when the creditor sought to execute the judgment against heirs of a guarantor, the heirs argued that defects in the appraisal process relating to the sale of the collateral precluded the creditor for seeking a “deficiency judgment” against them. The court of appeal agreed and dismissed the suit against the heirs. 490 So.2d 736 (La. 3rd Cir.1986). The supreme court, per Marcus, J., with three justices *665 concurring with assigned reasons and one justice concurring with statement, reversed the judgment of the court of appeal, noting:
Accordingly, we do not consider that the legislature intended the Deficiency Judgment Act to apply to situations where property sold pursuant to a writ of fi. fa. is insufficient to satisfy a judgment. The language of the Act clearly evidences its intent to apply to the procurement of a deficiency judgment following a judicial sale pursuant to a writ of seizure and sale issued in an exec-utory proceeding. See Oak Cliff Bank and Trust Co. v. Kittle, 309 So.2d 742 (La.App. 4th Cir.1975); Hagedorn Motors, Inc. v. Jones, 280 So.2d 643 (La.App. 1st Cir.) writ refused, 282 So.2d 516 (La.1973). Therefore, the issue of whether there was an irregularity in the appraisal process of the judgment debtor’s property in the instant case is of no moment since this judicial sale was not conducted in an executory proceeding pursuant to a writ of seizure and sale but instead was conducted pursuant to a writ of fi. fa. following the rendition of a judgment. The Estate and Heirs may not rely on the Deficiency Judgment Act to support their claim of discharge under the instant continuing guaranty.5” (Footnotes omitted)
Applying the rationale of Guaranty to the facts of the instant case, we conclude, as did the trial judge, that Vick’s and Phillip are not entitled to an injunction against further execution on the money judgment. Unless Vick’s and Phillip enjoin a judicial sale of their property under La.C.C.P. Article 2298 Associates may continue to have their property seized and sold until the judgment is satisfied despite the appraisal irregularity respecting the dump truck previously sold. Guaranty, supra. As none of the grounds listed under La.C.C.P. Article 2298 were urged by Vick’s and Phillip in their petition to enjoin execution against the bank accounts and real property seized by the sheriff, the trial court correctly denied the request for injunctive relief.
Accordingly, the judgment of the trial court is affirmed. The order staying execution of the money judgment shall be vacated and set aside on the date this opinion becomes final.
JUDGMENT OF TRIAL COURT AFFIRMED; ORDER STAYING EXECUTION OF MONEY JUDGMENT VACATED AND SET ASIDE.