DOUCET, Judge.
Aachen Construction, Inc. (Aachen) borrowed $335,500.00 from First Acadiana Bank (Bank) and in connection with the loan executed a promissory note. This promissory note was signed by several individuals, including defendant, Paul Tate, Jr. In order to secure the Bank loan, Aachen mortgaged its equipment and accounts receivable as collateral.
Subsequent to the date of this transaction, Aachen was unable to meet its obligations to the bank and fell in arrears on the debt. The Bank instituted executory proceedings against Aachen and requested that the property mortgaged by Aachen be seized and sold by the Sheriff of St. Landry Parish. The Sheriff seized the property on November 22, 1985, but to this date the property has not been sold by the Sheriff, nor has the seizure been released.
Subsequent to the seizure, the Bank was made keeper of the property by the Sheriff. The Bank sold the property at private auction for its own account. The Bank sold the property through its auctioneer, Brown’s Auctioneer Co., Inc. The proceeds of the auction were applied to Aachen’s indebtedness to the Bank leaving the balance which is presently being sued upon.
The Bank instituted a suit entitled “Petition for Deficiency Judgment” against Paul Tate, Jr. and Aachen Construction, Inc. for $255,055.38 plus interest and attorney’s fees.[1] The trial court concluded that Tate was entitled to the protection afforded by the Deficiency Judgment Act, that the Bank had failed to comply with the provisions of that Act, and that Tate did not participate in, consent to, or authorize the sale so as to deprive him of benefits of the Deficiency Judgment Act. Consequently, the lower court dismissed the suit against Tate and Aachen. It is from this judgment that the Bank appeals. We reverse.
*137 In plaintiffs first assignment of error, it urges that “The defendant [Tate], under the facts of this case, is afforded no protection by the Deficiency Judgment Act.” We agree.
The Louisiana Supreme Court was recently asked to decide on the scope of protection afforded by the Deficiency Judgment Act in the case of Guaranty Bank of Mamou v. Community Rice Mill, 502 So.2d 1067 (La.1987). That case involved the taking of a deficiency against the guarantors of a note, which deficiency was taken after seizure and sale by writ of fieri faci-as. The court concluded that the Deficiency Judgment Act applies only to situations where property was sold by writ of seizure and sale following an executory proceeding. The Supreme Court at page 1071 noted:
“Accordingly, we do not consider that the legislature intended the Deficiency Judgment Act to apply to situations where property sold pursuant to a writ of fi.fa. is insufficient to satisfy a judgment. The language of the Act clearly evidences its intent to apply to the procurement of a deficiency judgment following a judicial sale pursuant to a writ of seizure and sale issued in an exec-utory proceeding. See Oak Cliff Bank and Trust Co. v. Kittle, 309 So.2d 742 (La.App. 4th Cir.1975); Hagedorn Motors, Inc. v. Jones, 280 So.2d 643 (La.App. 1st Cir.) writ refused, 282 So.2d 516 (La.1973). Therefore, the issue of whether there was an irregularity in the appraisal process of the judgment debtor’s property in the instant ease is of no moment since this judicial sale was not conducted in an executory proceeding pursuant to a writ of seizure and sale but instead was conducted pursuant to a writ of fi.fa. following the rendition of a judgment.”
In the instant case, the property was not sold by writ of seizure and sale following an executory proceeding but, instead, was sold by mutual agreement at public auction. Thus, pursuant to the express language of the Supreme Court in Guaranty, supra, the Deficiency Judgment Act does not apply in this situation. The fact that the original action was instituted as an executory proceeding is irrelevant. No judicial sale was held. Thus, we find that the trial court erred when it held that the Deficiency Judgment Act applied to the facts of the instant situation.
In appellant’s second assignment of error, it asserts that Domingues Motors, Inc. v. Lalonde, 417 So.2d 900 (La.App. 3rd Cir.1982) is inapplicable to the facts of the instant case since Tate was neither a comaker or a surety. Having found that the Deficiency Judgment Act does not apply to the instant case, it is unnecessary to discuss this assignment of error.
In appellant’s final assignment of error, it asserts that “The lower court erred in concluding factually that defendant Tate did not consent to or authorize the public auction.” We agree.
The record reflects that defendant, Tate, signed an agreement on behalf of Aachen with the Bank consenting to the public auction. Additionally, defendant admitted that he received a copy of the appraisal prior to the auction. Defendant took no steps to lodge a written protest or convey in any way his objection to the public auction. Additionally, the record reflects that a potential auction company who approached defendant was referred by him to First Acadiana Bank. Finally, defendant admitted in his deposition that he told the bank to do “whatever the Bank wanted ... it was all up to the Bank.” All of these facts indicate that defendant was fully aware of what was going on. Thus, we find that the trial court erred when it found that defendant did not authorize, participate in, or consent to the sale.
Accordingly, for the reasons assigned, the judgment of the trial court is reversed. Judgment is rendered in favor of plaintiff-appellant for $238,866.79 plus interest (accrued interest up to July 29, 1985 in the amount of Five Thousand, Seven Hundred Forty-three and 07/100 ($5,743.07) Dollars and interest thereafter accruing daily from July 29, 1985, at the rate of First Acadiana Bank Prime Percentage Rate per annum up to November 10, 1986, and thereafter at *138 the rate of Eight (8%) per cent per annum, until paid) and attorney’s fees of Twenty-five (25%) per cent on both principal and interest, and against defendants-appellees, Paul C. Tate, Jr. and Aachen Construction, Inc., in solido. All costs are assessed to defendants.
REVERSED.

. While $255,055.38 was the amount prayed for in the Petition for Deficiency Judgment, the record, through the testimony of James F. Dupre, executive Vice-President of First Acadia-na Bank, stated the amount to be $238,866.79.