|2DALEY, Judge.
Eddie M. Taylor, a/k/a Eddie A. Taylor, appeals the trial court’s dismissal of his Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. We affirm.
In 1974, Eddie Taylor executed a promissory note to Pan American Life Insurance Company (Pan American) and executed a mortgage affecting certain immovable commercial property in Gretna, Louisiana. On October 31, 1978, Taylor and his wife Rita Bova Taylor executed an Act of Sale and Assumption in favor of Joan and Anthony Pizzolato on the same property.
On November 22,1993, Pan American filed a Verified Petition to Enforce Promissory Note and Mortgage by Ordinary Process with Sequestration and Appointment of Keeper, which is the first pleading in this appellate record, and from which we glean the background of this ease. Pan American’s petition alleged that the mortgage went into default sometime in 1990. The petition also alleged that the |3Pizzolatos filed Chapter 11 bankruptcy proceedings on June 15, 1990. The automatic stay in the Pizzolatos’ bankruptcy was lifted on August 30,1993, to allow Pan American to foreclose on the mortgaged property. The petition further alleged that the amount due on the mortgage as of October 30, 1993 was $255,330.04. The petition prayed for judgment against Eddie Taylor, Rita Bova Taylor, and Joan Pizzolato individually and as Testamentary Executrix of the Succession of Anthony Pizzolato.[1]
Service was made upon Rita Taylor and Joan Pizzolato, but service could not be made upon Eddie Taylor. On January 7,1994, Pan American moved the court for and the court appointed a special process server to serve Eddie Taylor. The record contains an Affidavit of Service of Citation and Petition by the appointed special process server as proof that personal service was made upon Eddie Taylor on February 26,1994.
Rita filed an answer in the proceedings, alleging among other things that the debt represented by the promissory note and mortgage was not a community debt. Both Rita Taylor and Joan Pizzolato filed Acknowledgments of Receipt of Petition. The record does not contain an answer by Eddie Taylor.
On July 21,1994, Pan American and Buga-lee filed a Motion to Substitute Party Plaintiff and Counsel of Record, informing the court therein that on July 5,1994, Pan American sold its interest in the promissory note *1108 and mortgage to Bugalee, L.L.C. On the same date, Bugalee moved for a preliminary default judgment against Eddie. The preliminary default judgment was confirmed on September 12,1994.
On September 8, 1994, Rita Taylor and Bugalee entered into an Agreement of Conn promise, Settlement, Waiver, and Release,, which was filed into the record. This Uagreement acknowledged Rita’s indebtedness to Bugalee for $265,993.30, representing the sum due on the promissory note and mortgage executed by Eddie Taylor in 1974 in favor of Pan American. Among other things, the agreement compromised the litigation between Rita Taylor and Bugalee, acknowledged that the parties shall enter into a consent judgment in rem whereby the property shall be seized and sold, the proceeds applied to the existing debt, that Rita Taylor is released from any further personal liability regarding the debt and that Bugalee would not seek a deficiency judgment against her if the proceeds were not sufficient to satisfy the indebtedness. The agreement specifically reserved Bugalee’s rights against the other defendants, Eddie Taylor and Mrs. Pizzolato, personally and in her representative capacity in her husband’s succession.
On December 19, 1994, Bugalee and Mrs. Pizzolato entered into an Agreement of Compromise, Settlement, Waiver, and Release, which was filed into the record. It is substantially the same as the one between Rita Taylor and Bugalee. In that agreement, Bu-galee released Pizzolato from any further personal liability once the property is seized and sold, and agreed that it would not seek a deficiency judgment against Pizzolato. ■ Bu-galee also specifically reserved its rights against the other defendants, Rita Taylor and Eddie Taylor.
On December 19, 1994, two Consent Judgments in Rem were entered into the record, both signed by the trial court. The parties to the first consent judgment were Bugalee and Rita Taylor. The consent judgment recognized the agreement between Rita Taylor and Bugalee. The parties to the second consent judgment was Mrs. Pizzolato and Buga-lee. That consent judgment recognized the agreement between Mrs. Pizzolato and Buga-lee.
IsOn January 23,1995, Bugalee filed a Motion to Examine Judgment Debtor Eddie Taylor. The record contains a minute entry dated February 21, 1995, indicating that counsel for Bugalee and Eddie Taylor were present, and the judgment debtor examination was satisfied. In February and March of 1995, the record contains notices of the fixing for sale of the Gretna property.
The next record entry is one year later on March 5, 1996, when Eddie Taylor, individually as Trustee of E & R Taylor Trust, filed an Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. In his memorandum in support thereof, he alleged that Bugalee had caused to be issued a Writ of Seizure and Sale[2] of property described therein, all of which is located in Metairie and none of which was the subject of the promissory note and mortgage to Pan American/Bugalee. He alleged that the Consent Judgments in Rem reduced the original mortgage to an in rem judgment since Bugalee did not reserve its rights against him and did not acknowledge its default judgment against him. He plead specifically under the provisions of LSA-C.C.P. art. 2751 that the debt had been extinguished against him. He further alleged that the trust, whose immovable property was the subject of Bugalee’s writ of fieri facias, had never been cited to appear and answer Bugalee’s claims. Attached to his application were the documents setting up the trust, dated September 3,1987.
A Bond of Injunction is found in the record, dated March 5, 1996. Bugalee filed a Motion to Dissolve the TRO and for Sanctions, Damages, Attorney’s Fees, and Forfeiture of Bond on March 14, 1996. In the motion to dissolve, Bugalee represented that it had obtained a judgment against Eddie Taylor in the trial court on|6October 5,1994,[3] that a previous writ of fieri facias issued to the Sheriff of Jefferson Parish to sell immov *1109 able property in Jefferson Parish in satisfaction of that judgment. After the sale of that property on March 1,1995 did not satisfy the judgment, the writ was returned “unsatisfied.” Thereafter, Bugalee caused to be issued a second writ of fieri facias whereby the Sheriff was requested to seize and sell “movable” property belonging to the judgment debtor Eddie Taylor. The description of this movable property is:
Any and all rights, title and interest which Eddie M. Taylor a/kla Eddie A. Taylor has in and to that certain irrevocable inter vivos trust known as the E & R Taylor trust, including but not limited to the use of all the income of the trust, the right to recognized as an income beneficiary of the trust, and any and all rights as Settler [sic] of the trust.
Bugalee argued that LSA-R.S. 9:2004 authorized a creditor to seize a trust beneficiary’s interest in income from a trust, and as such the seizure and sale of Eddie Taylor’s interest in income from the trust was clearly authorized.
Bugalee’s motion to dissolve further references a mandamus suit it filed against the Sheriff for the Parish of Jefferson, asking that that defendant be mandated to conduct the seizure and sale of the above described movable property as per the second writ of fieri facias. That suit was decided in Buga-lee’s favor on December 11, 1995. Bugalee attached copies to this motion.
The motion to dissolve also references correspondence between Bugalee and counsel for Eddie Taylor in March, April, and May of 1995. This correspondence explained that the judgment against Taylor was not satisfied with the sale of the Gretna immovable property. Bugalee indicated its intentions to seize and sell Eddie’s interests in trust income, and cited statutory and case law supporting its right. This correspondence is attached to Bugalee’s motion to dissolve.
|7The Motion for Preliminary Injunction and Permanent Injunction and the Motion to Dissolve TRO came for hearing on March 25, 1996, and were taken under advisement. Judgment was rendered in favor of Bugalee on December 11, 1996. Bugalee’s request for sanctions was denied. Eddie Taylor perfected this suspensive appeal.
On appeal," Taylor argues essentially the same points as he presented in "his motion for TRO filed on March 5, 1996; namely, that Bugalee is attempting to seize immovable trust property that was never covered by the promissory note and mortgage granted by Pan American in 1974. He argues that the trust has never been cited- to appear and answer the claims of Bugalee. He contends that the consent judgments in rem against Rita Taylor and Joan Pizzolato reduced the mortgage to a judgment in rem and released Eddie Taylor from further obligation, that Rita and Pizzolato never received any consideration for these consent judgments, that Bugalee had no right tó treat Rita Taylor and Mrs. Pizzolato differently from him, that he was prejudiced because he did not receive the opportunity for an in rem judgment as théy did. He also argues that he was never served with the mandamus suit that was filed against the Sheriff, He contends that under LSA-C.C.P. art. 2751, Bugalee never obtained a deficiency judgment against him. He argues that there is no judgment against the trust. He also argues that because he is merely a salaried employee of the trust, Bu-galee should have filed garnishment proceedings instead of a writ of seizure and sale. Finally, he asks that all of Bugalee’s actions be declared an absolute nullity.

Analysis

Bugalee seeks, by a writ of fieri facias, to seize and sell Eddie’s interest in income of the E & R Taylor Trust. LSA-R.S. 9:2004 states:
18§ 2004. Seizure by creditor; general . rule
A creditor may seize only:
(1) An interest in income or principal that is subject to voluntary alienation by a beneficiary; and
(2) A beneficiary’s interest in income and principal, to the extent that the beneficiary is a settlor of the trust.
The first judgment entered in this case is the confirmation of default against Eddie Taylor. This judgment is a valid money judgment against Eddie. Subsequently, Bu- *1110 galee entered into separate agreements of compromise with Rita and Pizzolato, and thereafter entered into consent judgments in rem with each of them. Both the agreements and the consent judgments are filed into the record; the consent judgments specifically refer to the agreements and their terms.
Pan American did not.proceed by executo-ry process on the note and mortgage, but obtained a money judgment against Eddie, based upon the amount due on the note and mortgage, by ordinary process. Bugalee has a valid, unappealed money judgment against Eddie Taylor. It had secured that judgment before it entered into the in rem judgments with the remaining defendants. Consequently,. Bugalee’s rights against Eddie were already legally established and recognized when it secured the judgments against his co-obligors. Eddie Taylor never appealed the judgment against him, nor filed any action of nullity.
Bugalee proceeded to execute the judgment according to LSA-C.C.P. art. 2291 et seq. The trial court conducted a judgment debtor examination of Eddie, which counsel for Eddie attended, as reflected in the court’s minute entry of February 21, 1995. The record indicates that after the Gretna property was sold, the money judgment agáinst Eddie remained unsatisfied. As the holder of a valid money judgment, Bugalee has the right under LSA-C.C.P.. art. 2297 to request the issuance | ¡¡of another writ of fieri facias if a previous one is returned unsatisfied. In executing the judgment against Eddie, Bugalee is not limited to the seizure and sale of the property covered by the 1974 note and mortgage; it may proceed against other property in which Eddie has an interest, by writ of fieri facias, until the judgment is satisfied. Therefore, we affirm the trial court’s dissolution of the TRO and the dismissal of Eddie’s Motion for Preliminary and Permanent Injunction.
Eddie Taylor alleges that he does not own any interest in the property of the trust. He argues that he is only the .appointed manager of the trust, and thus he is an employee of the .trust. If Bugalee wants to proceed against this interest, he argues, the proper avenue would be to garnish the wages of defendant/appellant as manager of the trust. Paragraph 8 and 9 of the Irrevocable Inter Vivos Trust reads:
8. Eddie M. Taylor shall have use of all income of the trust and Eddie M. Taylor obligates himself to pay the following:
a.) Notes on properties and upkeep of properties.
b.) All insurance and taxes on property.
c.) $600.00 to Rita Bova Taylor as alimony. (monthly)
9. The remainder of the income shall go to Eddie M. Taylor for his job as manager of the properties.
From the language of the trust agreement, Eddie Taylor has use of all income of trust, but is obligated to pay certain obligations. The use of income, however, is certainly an interest in income. The portion of trust income that is subject to voluntary alienation is all portions of income remaining after the notes on the property, upkeep of the property is paid, insurance and taxes .are paid and $600.00 per month is paid to Rita Bova Taylor. Said amount under La. R.S. 9:2004 is clearly subject to seizure by creditor.
We find the case of Francis v. Read, 504 So.2d 610 (La.App. 4 Cir.1987) instructive as to the proper procedure for a creditor to seize a debtor’s interest in trust lioincome, whether it is seized pursuant to a garnishment filed directly against the trust or direct seizure of the income interest. We note that Eddie Taylor’s income interest is seizable only up to the amount needed to satisfy the judgment. Once the judgment is satisfied, a judgment creditor would have no continuing rights to the trust income.
Regarding the remaining assignments of error, there is no requirement under the law that a creditor treat all co-obligors the same. Bugalee had the right to seek a regular money judgment against any and all of the obligors, and also had the right to enter into settlements with others. Taylor has cited no law that requires Bugalee to offer him an in rem settlement similar to the consent judgments it entered into with Rita Taylor *1111 and Mrs. Pizzolato. In the agreements, Bu-galee specifically reserved its rights against the remaining obligors. Eddie Taylor was named specifically in each agreement.
Neither Eddie Taylor nor the trust had a right to be served with the mandamus suit. They were not parties. The mandamus suit was filed against the Sheriff for the Parish of Jefferson to compel him to perform a non-discretionary duty of office: issue the writ of fieri facias.
A deficiency judgment is not an issue here. Pan Ameriean/Bugalee has a valid money judgment against Eddie Taylor obtained by ordinary process. Consequently, the provisions regarding deficiency judgments do not apply. See Guaranty Bank of Mamou v. Community Rice Mill, Inc., 502 So.2d 1067 (La.1987); Associates Commercial Corporation v. Vick’s Sand Pit & Dredging Co., Inc., 522 So.2d 663 (La.App. 5 Cir.1988), writ denied 525 So.2d 1056 (La.1988).
Mr. Taylor is correct that there is no judgment against the trust. The trust is not the judgment debtor. Bugalee need not have a judgment against the trust to seize Taylor’s interest in trust income as an income beneficiary. LSA-R.S. 9:2004.
| uAccordingly, for the reasons assigned, we affirm the trial court’s dismissal of Eddie’s Motion for Preliminary and Permanent Injunction.
AFFIRMED.

. Apparently, Mr. Pizzolato passed away sometime between the default of the mortgage and the filing of Pan American's Petition.

. Actually, it was a Writ of Fieri Facias.

. Apparently, this is the September 12, 1994 Judgment in confirmation of the earlier preliminary default judgment against Eddie Taylor.