280 So.2d 643 (1973)
HAGEDORN MOTORS, INC.
v.
Frank H. JONES et al.
No. 9406.
Court of Appeal of Louisiana, First Circuit.
June 20, 1973.
Rehearing Denied July 20, 1973.
Writ Refused September 14, 1973.
*644 Roy M. Lilly, Jr., Bogalusa, for appellant.
Edward A. Griffis, Bogalusa, for appellees.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
Hagedorn Motors, Inc., the plaintiff-appellee, as the holder and owner of a promissory note for the original sum of $4,519.08, secured by a chattel mortgage on a 1963 Oldsmobile, executed by Frank H. Jones, obtained a judgment by default against Frank H. Jones, on November 25, 1966, for the sum of $1,414.54, the balance due on said note, with legal interest thereon from judicial demand until paid, together with twenty-five per cent additional on both principal and interest as attorney's fees. The judgment recognized the lien and privilege resulting from the chattel mortgage.
A writ of fieri facias was issued on November 29, 1966, and the mortgaged automobile was seized and sold. But the proceeds of the sale was not sufficient to satisfy the judgment.
On March 8, 1972, Hagedorn Motors, Inc., (Hagedorn) obtained another writ of fieri facias, and by a petition filed on the same date obtained an order making the Washington Bank & Trust Company, garnishee, and requiring it to answer interrogatories relative to any money or other property it had in its possession belonging to Frank H. Jones. On April 21, 1972, the Washington Bank & Trust Company filed its answer to the interrogatories admitting that it had in its control sufficient funds to pay the balance of the judgment. On the same day, Jones filed a petition seeking the annulment of the judgment rendered November 25, 1966, and to have the funds owned by Jones on deposit with the garnishee, Washington Bank & Trust Company, seized under the writ of fieri facias, released from seizure. On May 9, 1972, Hagedorn sued out a rule directed to the garnishee and Jones to show cause why judgment should not be rendered in accordance with the answer filed by the Washington Bank & Trust Company.
After the trial of all issues the trial court rejected the demands of the appellant, Jones, wherein he sought to have the judgment rendered against him on November 25, 1966, annulled and the money seized under the garnishment proceedings released from seizure. Jones and the Washington Bank & Trust Company have appealed suspensively.
The defendant-appellant contends that the judgment rendered on November 25, 1966, should be annulled and set aside because of alleged irregularities in the judicial sale of appellant's automobile on February 1, 1967. The appellant complains that the trial court erred in the following particulars:
"(a) The writ of fieri facias was issued, and the mortgaged property was seized prior to the time that the judgment rendered herein became executory;
(b) The notice of seizure and notice to appoint appraisers does not comply with the law;
(c) If there was an appraisal, one of the appraisers was the Chief Deputy, and the appraisal is therefore invalid;
(d) If there was an appraisal, the appraisers were not competent, and the appraisal was inaccurate;
(e) The return filed by the Sheriff does not recite that there was an appraisal of property, nor does it *645 recite that any of the advertisements or certificates were read prior to the sale."
The causes for which a judgment may be annulled and set aside are stated in LSA-C.C.P. Articles 2001 through 2006. The causes which give rise to an action for nullity are two-fold: those which pertain to the form of the proceeding and those which give rise to the merits of the question tried. LSA-C.C.P. art. 2001, provides:
"The nullity of a final judgment may be demanded for vices of form or substance, as provided in Articles 2002 through 2006."
LSA-C.C.P. Art. 2002, declares the causes for which a judgment shall be annulled for vices of form. However, the appellants have not advanced any of the grounds for annulment set forth in Article 2002 of the Code of Civil Procedure. Furthermore, the record shows that appellant Jones was served personally with a copy of the petition and citation on October 21, 1966, and that a preliminary default was not entered until November 21, 1966. The record also shows that the appellant, Jones, acquiesced in the judgment, because he did not attempt to enjoin the enforcement of the execution of the judgment when he suffered his vehicle to be seized without complaint. He was personally served with a copy of the notice of seizure of his vehicle on December 2, 1966. He was obviously present in the Parish at the time of the seizure. LSA-C.C.P. art. 2003, provides:
"A defendant who voluntarily acquiesced in the judgment, or who was in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002."
The appellant does not complain of any vices of substance in obtaining the judgment complained of.
The defendant-appellant has cited in his syllabus deficiency judgment statutes, and numerous cases interpreting these statutes. These authorities are not apposite to the instant case. The judgment complained of is not a deficiency judgment. The record clearly shows that the appellee obtained the judgment through ordinary proceedings, after personal service of a copy of the petition and citation on the appellant, and after all legal delays had elapsed. The appellant's automobile was not seized under a writ of seizure and sale by executory process, as provided in LSA-R.S. 13:4101 through 4111; but the appellee caused the seizure of appellant's vehicle by writ of fieri facias issued in execution of a judgment previously rendered. The thrust of appellant's contention seems to be based on the assumption that the judgment complained of is a deficiency judgment, and that it should be annulled because of alleged irregularities in the judicial sale of appellant's vehicle. We concur in the finding of the trial court that the judgment sought to be annulled is not a deficiency judgment, and that it is a valid judgment.
Having concluded that the judgment sought to be annulled is a valid judgment, we deem it unnecessary to pass on the validity of the Sheriff's sale of the appellant's vehicle in February, 1966. Our appreciation of the appellant's contention is that the judgment complained of was a deficiency judgment, and that if the sale of the mortgaged automobile was made without a valid appraisal, or the sale was otherwise invalid, the deficiency judgment would be invalid. If we should find that the Sheriff's sale of appellant's vehicle was invalid, such a determination would not affect the validity of appellee's judgment. Having concluded that the validity of appellee's judgment does not depend on the regularity of the proceedings leading up to the sale of appellant's automobile in February, 1967, no useful purpose would be served by a discussion of the alleged irregularities of the seizure and sale of said vehicle.
We find no irregularity in the garnishment proceedings instituted by appellee.
*646 For the above and foregoing reasons, the judgments of the trial court appealed from are affirmed, the costs of this appeal to be paid by defendants-appellants.
Affirmed.