DUFRESNE, Judge.
This is an appeal from a judgment sustaining peremptory exceptions of no cause of action and prescription regarding a petition for nullity of a Louisiana divorce decree. Judgment was rendered in favor of Edward B. Bergman, husband (hereinafter referred to as defendant) and against Sylvia Sable, wife of defendant (hereinafter referred to as plaintiff). Plaintiff appeals from that judgment.
On October 27, 1946, the plaintiff and defendant were married in New York. Of this union, two children were born, both now majors. On June 12, 1971, marital relations between the two parties broke down resulting in a physical separation from bed and board. The defendant moved to Kenner, Jefferson Parish, Louisiana in December of 1975. The defendant filed suit against his (non-resident) wife in Jefferson Parish and obtained a default judgment of divorce on March 5, 1976, based on living separate and apart continuously for over two years. The plaintiff herein, filed a “Petition For Nullity of Judgment” on April 20, 1981 alleging that the divorce decree rendered March 5, 1976 is an absolute nullity and should be vacated because the Jefferson Parish District Court lacked jurisdiction over the parties and over the cause of action.
Thereafter, the defendant filed peremptory exceptions of no cause of action, no right of action, liberative prescription, and res judicata and/or judicial estoppel. The hearing on these exceptions were set and despite being subpoenaed, the plaintiff, Mrs. Bergman did not appear. No evidence was presented except a lengthy stipulation. The pertinent facts are as follows:
1. That Mrs. Bergman knew on or about January 15, 1976, that her husband had filed an action for divorce in the 24th Judicial District Court based on the grounds of living separate and apart for two or more years.
2. That she was a non-resident of Louisiana and a curator was appointed by the *832 court, namely Robert A. Pitre, Jr., to represent her.
3. That on January 22,1976, pursuant to his appointment, Mr. Pitre sent a letter by certified mail to Mrs. Bergman, enclosing a copy of the petition for the divorce with that letter and this was received and signed for by Mrs. Bergman on January 31, 1976.
4. That Mr. Pitre’s letter advised Mrs. Bergman of the pending divorce action, that he was appointed to represent her interests, and that she was to advise him of any defenses which she might have if she wished to contest the matter.
5. That at that time, Mrs. Bergman was represented by counsel in Philadelphia, Pennsylvania.
6. That Mrs. Bergman met with her Philadelphia counsel to discuss the letter which she received from Mr. Pitre.
7. That Mrs. Bergman knew that Mr. Bergman contended in his suit that he was domiciled in the State of Louisiana.
8. That Mrs. Bergman’s Philadelphia counsel did not contact Mr. Pitre until March 17, 1976, which was after the Judgment of Divorce had been rendered by the 24th Judicial District Court.
9. That Mr. Pitre responded to Mrs. Bergman’s Philadelphia counsel and informed him that a Judgment of Divorce in favor of Mr. Bergman had been rendered and advised her Philadelphia counsel that Mrs. Bergman had thirty days from March 5, 1976, to either file an appeal or file an action of nullity.
10. That in an action in the courts of Philadelphia, on April 2, 1976, Mrs. Bergman’s Philadelphia counsel wrote the Philadelphia court advising that a motion would be filed in Louisiana to have the divorce set aside.
11. That no action was ever taken by Mrs. Bergman or her counsel either to attack the Louisiana judgment in either Louisiana or Pennsylvania until April of 1981.
12. That in a proceeding in Philadelphia courts, bearing NO. 2048 in Equity in the Family Court Division, entitled “Bergman v. Bergman”, Mrs. Bergman attempted to attack the Louisiana divorce in 1977, that Mr. Bergman’s domicile in Louisiana was a fraud and as such the judgment of Louisiana could not be given full faith and credit. The Philadelphia court denied Mrs. Bergman’s argument and held that Mr. Bergman’s domicile in Louisiana was bona fide and that the Louisiana divorce was entitled to full faith and credit.
13. That despite the judgment in 1977 by the Philadelphia, Pennsylvania courts, Mrs. Bergman took no action whatsoever in Louisiana until April of 1981, some five years later, to attack the Louisiana divorce decree.
14. That in proceeding in Municipal Court in Philadelphia, No. SC 77/01/142073 and 20731, Mrs. Bergman filed a suit against one Leo Sher in which she alleged that she was a tenant in common with Mr. Bergman by virtue of the Louisiana divorce and that in fact she was divorced from Mr. Bergman.
15. That in September of 1977, Mrs. Bergman joined with Mr. Bergman and his new wife in a sale of certain properties in Pennsylvania and in that act of sale she alleged that she was a tenant in common with Mr. Bergman and that in fact she was divorced from Mr. Bergman by proceedings in State of Louisiana, No. 183-792 in the 24th Judicial District Court.
Following this lengthy stipulation, various documents were introduced into evidence. Upon consideration of the evidence and argument of counsel, the District Court sustained the exceptions, maintained the divorce judgment and dismissed plaintiff’s petition.
On appeal there is one basic issue for our consideration, whether there was acquiescence on the part of the plaintiff in the 1976 Judgment of Divorce so as to preclude her from asserting its nullity.
We hold that the plaintiff voluntarily acquiesced in the 1976 Judgment of Divorce and therefore is now precluded from asserting its nullity.
LSA-C.C.P. art. 2003 provides that:
*833 “A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
Article 2002 provides for annulment on grounds for vices of form, including lack of subject matter jurisdiction. Article 2003 provides the exception and we find it is applicable in this case.
The plaintiff has cited the recent case of Peschier v. Peschier, 419 So.2d 923 (La.1982) in support of her contention that she did not acquiesce in the judgment of divorce obtained by the defendant. We hold that Peschier is distinguishable from the present case. In Peschier the wife learned of existence of a 1960 divorce judgment in January of 1976, but did not bring action to annul it until over one year later. The Supreme Court held that this is not the acquiescence as is required by art. 2003. Here the plaintiff, Sylvia Bergman had knowledge of the Louisiana divorce proceeding at its inception (thru curator ad hoe’s letter) and although advised to take action within 30 days from March 5, 1976, to either file an appeal or file an action of nullity, chose not to act, but to acquiesce. The evidence abundantly indicates the plaintiff did voluntarily and unconditionally accept and acquiesce in the Louisiana divorce decree. The plaintiff asserted the validity of the divorce judgment in a Pennsylvania court in order to establish a new status as a tenant in common with the defendant so as to obtain an economic benefit. Furthermore, as was stipulated in the record, she joined with the defendant and his present wife in a sale of properties in Pennsylvania whereby she recites that she was a tenant in common with the defendant and that in fact, was divorced from the defendant through proceedings in Louisiana. Additionally, the number of years which have transpired between the divorce judgment (of which she had full knowledge) and the action to attack based on the nullity of the divorce decree, we feel is significant. Why did she prolong this action for nullity and allege change of marital status? We must conclude that the plaintiff recognized and accepted the reality and legality of the divorce judgment for over five years and now for some reason wants to attack its validity. We feel that this constitutes the acquiescence which LSA-C.C.P. art. 2003 refers and the plaintiff is now estopped from bringing this action for nullity.
For the foregoing reasons, the trial court properly dismissed plaintiff’s suit to nullify the judgment of divorce. The judgment of the trial court is affirmed at plaintiff’s cost.
AFFIRMED.