GUIDRY, Judge,
concurring.
In the instant case, although plaintiff proceeded via ordinaria, it did not initially secure a judgment against the guarantor. Rather, plaintiff, Guaranty, secured a judgment only against. Community Rice Mill, Inc., the principal debtor, reserving its rights against Mr. LaHaye, the guarantor. Subsequently, the mortgaged property was sold pursuant to a writ of fieri facias without valid appraisement, the proceeds of which sale were insufficient to satisfy the indebtedness. Thereafter, plaintiff instituted the instant suit seeking a deficiency judgment against the surety.
As I understand the opinion authored by my learned colleague, he reasons that defendants are entitled to judgment dismissing plaintiffs suit because “as a deficiency judgment against the principal debtor (the Mill) would be prohibited, a suit against the surety for the deficiency is likewise proscribed”. I do not agree that the taking of a deficiency judgment against the principal debtor (the Mill) would be necessary in this case. However, I do agree that, under the particular circumstances of this case, a deficiency judgment cannot be secured against the guarantor.
The deficiency judgment act and the public policy proclaimed thereby (La.R.S. 13:4106 and 4107) would not be offended by further execution sought by plaintiffs against other property of the principal debtor pursuant to the judgment rendered via ordinaria. Hagedorn Motors, Inc. v. Jones, 280 So.2d 643 (1st Cir.1973), writ refused, 282 So.2d 516 (La.1973). However, in my view, since no judgment has ever been secured against the surety and concedely, since plaintiff would only be entitled to pursue its claim against the surety for the principal debt, less that derived from the judicial sale, this suit, insofar as the surety is concerned, is a suit for deficiency judgment and is subject to the provisions of the deficiency judgment act. It is settled that a sale of mortgaged property, judicial or private, without benefit of ap-praisement bars a deficiency judgment against the debtor’s surety. GMAC v. *739 Smith, 399 So.2d 1285 (La.App. 4th Cir. 1981); Domingues Motors, Inc. v. Lalonde, 417 So.2d 900 (La.App. 3rd Cir.1982). Under the rationale of the cited cases and Rushing v. Dairyland Insurance Co., 456 So.2d 599 (La.1984), when the property of Community Rice Mill, Inc. was seized under a writ of fieri facias and later sold at judicial sale, without a valid appraisal, the entire debt was extinguished by operation of law insofar as the guarantor is concerned.
For these reasons, I respectfully concur.