LTHOMAS F. DALEY, Judge.
Plaintiff/appellant, Michael A. Donnelly, appeals the trial court’s judgment annulling a default judgment that had been rendered in favor of Michael Donnelly and against defendant/appellee, James P. Qua-troy. The trial court granted James Qua-troy’s Petition for Nullity, finding that service upon the defendant was invalid. On appeal, Michael Donnelly argues that the trial court erred in finding that service upon James Quatroy was invalid. In the alternative, Michael Donnelly argues that James Quatroy acquiesced in the judgment by submitting to a judgment debtor examination. After thorough review, we affirm the judgment of the trial court, but on different grounds. We find that service on James Quatroy was effective under the Louisiana Long Arm Statute, LSA-R.S. 13:3204, but find the default judgment invalid, plaintiff, Michael Donnelly, having failed to comply with R.S. 13:3205.
The procedural history is as follows. On October 13, 1999, Michael Donnelly filed suit against James Quatroy to collect amounts due on a promissory note in the amount of $350,000.00. At the time the suit was filed, it alleged that | ¿James Qua-troy was a resident of Jefferson Parish. Service was requested at a Jefferson Parish home address. The Jefferson Parish Sheriffs Office attempted service once upon James Quatroy at that address on October 18, 1999, but was unsuccessful because James Quatroy refused to answer the door. The Deputy Sheriff made his return on the attempted service, which is part of this record, certifying that he had been unable to make service for that reason.
On May 2, 2001, Michael Donnelly filed a First Supplemental and Amending Petition that set forth new causes of action on three additional promissory notes. At the same time, he filed an Ex Parte Motion to *919 Appoint Private Process Server, citing his previous inability to serve James Quatroy with the original Petition in 1999. The trial court signed the order appointing the private process server on May 7, 2001. The record reflects that the private process server personally served James Qua-troy with the Original and First Supplemental and Amending Petitions on May 9, 2001, finding James Quatroy in Saucier, Mississippi, though the return of service does not reflect that it occurred in Mississippi.
On May 30, 2001, 21 days after service upon James Quatroy, Michael Donnelly moved for a Preliminary Default, which the judge entered on May 31, 2001. On June 14, 2001, Michael Donnelly moved to confirm the Preliminary Default. Judgment on the default was entered on June 15, 2001. Notice of Judgment was sent to James Quatroy at a Metairie address on January 11, 2002. On June 17, 2002, a Motion to Examine Judgment Debtor was filed by the substituted judgment creditor, Bank Plus, to whom Michael Donnelly assigned his interest in the promissory notes. The record reflects that Michael Donnelly/Bank Plus pursued several garnishees in an attempt to collect the debt, in addition to taking James Quatroy’s deposition several times, first on January 8, 2002.
IfiOn October 31, 2002, James Quatroy filed an Exception of Insufficiency of Service of Process and Lack of Jurisdiction Over the Person of the Defendant and Alternatively, Motion for New Trial, alleging that the service of the First Supplemental and Amending Petition by the appointed private process server was invalid because the sheriff was never given the opportunity to serve this petition first. Additionally, James Quatroy alleged that service was ineffective because it was made in Mississippi, out of the geographical authority of Louisiana process servers under LSA-C.C.P. art. 1293.
In support of the Motion for New Trial James Quatroy argued that Notice of the Default, pursuant to LSA-C.C.P. art. 1913(C), was never properly made because it was mailed to a Metairie address that Michael Donnelly knew was not James Quatroy’s last known address, as evidenced by paragraph (4) of Michael Don-nelly’s Ex Parte Motion to Appoint Private Process Server. James Quatroy argued the delays for filing the Motion for New Trial had never begun, due to the ineffective Notice of Judgment.
James Quatroy filed a Supplemental Memorandum in Support of his Exceptions on February 3, 2003, further noting service upon him in Mississippi did not comply with the provisions of the Long Arm Statute, LSA-R.S. 13:3201 et seq.[1] James Quatroy filed a Second Supplemental Memorandum in Support of his Exceptions on February 6, 2003, arguing that service across State lines by a Louisiana private process server was invalid as being beyond the authority granted by LSA-C.C.P. art. 1293.
Bank Plus opposed the Exceptions, arguing that they were untimely, and further that LSA-R.S. 13:3471, which provides that if an attack on service is made after judgment, the return may be only attacked in a direct action to annul the | (judgment, which is an ordinary proceeding, not by *920 way of appeal or exception. Bank Plus further argued that the Motion for New Trial was untimely because the Notice,of Judgment was mailed to the Metairie address for James Quatroy that, he (James Quatroy) had admitted in a deposition taken in another matter only three days prior to the mailing, was a home of his where he resided part of the time and where he received mail.
The Exceptions came for hearing on February 7, 2003. On March' 10, 2003, James Quatroy filed the Petition to Annul Judgment. The trial court denied the Exceptions of Insufficiency of Service of Process and Lack of Jurisdiction Over the Person of the Defendant in a written judgment signed bn March 13, 2003, but deferring a ruling on the Motion for New Trial until such time as the Petition to Annul Judgment was decided.
Bank Plus filed an Exception of No Cause of Action and Prescription based upon LSA-C.C.P. art. 2004. Michael Don-nelly joined in those Exceptions, and also filed an Answer asserting that James Qua-troy had acquiesced in the judgment.
James Quatroy filed a Motion for Partial Summary Judgment on May 12, 2003, arguing that under the Code of Civil Procedure, private process servers, like sheriffs, cannot cross State lines to effect service. He further argued that the only way service could be made on an out of State resident was in compliance with the Long Arm Statute, LSA-R.S. 13:3201 and 13:3471, which was not done.
The Motion for Partial Summary Judgment came for hearing on May 30, 2003. The trial court entered judgment for James Quatroy on June 25, 2003, granting the Motion for Partial Summary Judgment, annulling and setting aside the Default Judgment of June 15, 2001, finding specifically that the service upon James Quatroy was invalid. The trial court issued written Reasons for Judgment on July 23, 2003. Therein, the trial court specifically found that plaintiffs violated LSA-C.C.P. art. 1293 by not meeting the requirements for having a private process |7server appointed when the Motion (to appoint one) was presented for signature. The court also found that private' process servers could not, as a matter df law, cross parish lines to effect service. The trial court also specifically found that James Quatroy did not acquiesce 'in the judgment by responding to a Judgment Debtor Examination, and that the judgment had not been executed. ■
On appeal, appellants argue:
1) the trial court erred in finding that service of process was not proper under Louisiana law; when the private process server made personal service upon James Quatroy in. Mississippi;
2) The trial court erred in5 failing to consider if James Quatroy had waived any objections he might have had - to - the sufficiency of service, when he' failed to file the Exception ■ required under Louisiana law by LSA-C.C.P. art. 925;
3) The trial court erred in failing to conclude that James Quatroy acquiesced in the judgment by voluntarily giving a Judgment Debtor examination with stipulation of counsel, ' without objection and failing to timely object to the judgment that had been rendered against him.

ANALYSIS

Under LSA-C.C.P. art. 2002, a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. Except as *921 otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time. Art. 2003 provides that a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
James Quatroy argues that service on him in Mississippi was not valid. He advances several arguments in support of this position He argues that private process servers are without authority to make personal service across State lines. |sHe also argues that the service upon him did not comply with the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq. He also argues that at the time service was made, he fit the definition under Louisiana law of an absentee, and service was not properly made under that law.
After thorough review of the record and applicable law, we affirm the result the trial court reached, that the Default Judgment rendered against James Quatroy was null. We do so on different grounds than those reached by the trial court, however.
First, we disagree with the trial court’s conclusion that the requirements of having a private process server were not met when the Motion to Appoint one was filed in 2001. The Sheriffs return in 1999 stated that James Quatroy was avoiding service. This is sufficient, in our view, to allow the appointment of the special process server.
We find that service upon James Qua-troy was proper under the Long Arm Statute, but that a valid default judgment was not taken because plaintiff did not comply with LSA-R.S. 13:3205.
Both parties acknowledge that there is no reported case law in this State addressing the scope of the authority of private process servers to cross State lines. We find we need not reach this issue, however, nor need we reach James Quatroy’s absentee argument, because defendant, James Quatroy, clearly fits within the parameters of the Louisiana Long Arm Statute. Defendant, James Quatroy, was located outside of this State and he was served by an individual designated by the court in which the suit was filed. See LSA-R.S. 13:3204(A). However, the requirements of taking a default judgment under the Long Arm Statute were not met. That statute reads, in pertinent part:
|9§ 3205. Default judgment; proof of service of process
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
The return by the private process server making service is not in affidavit form. Nor does it show the place of delivery. The delays for taking a preliminary default do not begin until 30 days after the affidavit of service is recorded. Since the return was not made in the proper affidavit form, the 30 days in R.S. 13:3205 never began to run.[2] A preliminary default judgment obtained without strict compli- *922 anee with the procedural requirements of the Long Arm Statute is an absolute nullity. Collier v. Fugler, 29,457 (La.App. 2 Cir. 5/7/97), 694 So.2d 553.
We need not consider whether James Quatroy waived objection to jurisdiction. That issue is germane only if the grounds for nullity is based upon insufficient service. See C.C.P. art. 2002(A)(2).
We agree with the trial court that James Quatroy did not acquiesce in the judgment. James Quatroy was deposed in a related matter on January 8, 2002, but not in this matter. At that deposition, James Quatroy was shown a copy of the default judgment of June 15, 2001. Notice of this judgment was mailed to him 3 days after the January 8, 2002 deposition to the Metairie address he admitted to using at the deposition. Participation in a judgment debtor examination, alone, does not constitute acquiescence. Failure to act after receiving personal service of a notice of an invalid default judgment does not constitute acquiescence within the |inmeaning of LSA-C.C.P. arts. 2002 and 2003. Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604 (La.App. 2 Cir.1972).
Accordingly, the trial court’s judgment granting James Quatroy’s Petition for Nullity is affirmed. The matter is remanded for proceedings consistent with this opinion.
AFFIRMED; REMANDED.

. James Quatroy's counsel states that James Quatroy was of insufficient mental capacity at the time of the alleged service to even understand that he had been served with papers that required a response. References in the record suggest that James Quatroy suffered from bipolar disorder and was hospitalized during part of this time, though no evidence was presented. Likewise, no evidence was presented that James Quatroy was ever committed or interdicted.

. The default itself was taken 21 days after service on James Quatroy was made.