EDWIN A. LOMBARD, Judge.
liThe Appellant, Jolene Carter Babin Richard Thiel, seeks review of the July 10, 2014 judgment of the trial court granting the petition to annul of James Richard, the Appellee, and denying her exception of *1099 prescription and request for sanctions, attorney’s fees and court costs. Finding that the trial court’s judgment is not manifestly erroneous or clearly wrong, we affirm.
Facts and Procedural History
The parties were married on June 23, 1997 in Plaquemines Parish. On August 9, 1999, Mr. Richard, who was represented by Mr. Chester Eggleston, filed a petition for divorce, in case number 44-991, in the 25th Judicial District Court for the Parish of Plaquemines (“25th JDC”). The divorce was assigned to Division “B”. Counsel was appointed to represent Ms. Thiel, who was incapable of being located, and a judgment of divorce was rendered on November 4, 1999.
Subsequently, in March 2001, Ms. Thiel filed a “Petition to Partition the Community Property without Descriptive Lists”, in the above-referenced case number. Ms. Thiel requested service upon Mr. Richard personally.[1] He was [ 2served via domiciliary service on his wife, Mandy Richard, at his residence in Belle Chasse, Louisiana (“Belle Chasse residence”). Mr. Richard did not file an answer. Consequently, on April 25, 2001, Ms. Thiel moved for a default judgment, which was granted; however, the default judgment was never confirmed.
Approximately a year and eight months later, Ms. Thiel filed a motion and order for a status conference. Notice of the date of the status conference was sent via certified mail to Mr. Richard at his Belle Chasse residence, but the notice was unclaimed and returned to Ms. Thiel. A status conference was held on February 21, 2003, wherein a bench trial date was set for September 22, 2003. The parties disagree on whether Mr. Richard participated in the status conference. The order setting the bench trial requested service on Mr. Richard at his Belle Chasse residence. Service was attempted by the Sheriff of Plaquemines Parish on Mr. Richard three times, but to no avail.[2] The notation on the service return states that Mr. Richard “moved with an unknown forward address.”
Trial was held on September 22, 2003, and Mr. Richard was not present. Finding that the community debt at the time of the parties’ divorce totaled $18,310.00, the trial court rendered judgment in Ms. Thiel’s favor. The trial court held that Mr. Richard is indebted to Ms. Thiel in the amount of $16,979.72, which represents the portion of his community debt that Ms. Thiel allegedly paid.[3] The trial court further awarded her the entire value of Mr. Richard’s Freeport McMoRan pension, as of the time of their divorce, to offset his indebtedness. The judgment of partition (“Partition Judgment”) was rendered on June 25, 2004.
|sOn January 13, 2010, Mr. Richard filed a petition to annul the Partition Judgment, in case number 57-457, which was allotted to Division “A” of the 25th JDC. Ms. Thiel filed an exception of prescription and no right of action in response. After the trial court denied her exception of no right of action, she filed a request for court costs, attorney’s fees and sanctions, and filed an answer to the petition.
Following a hearing on May 21, 2014, the trial court granted Mr. Richard’s peti *1100 tion to annul and vacated the Partition Judgment. Additionally, the trial court also denied: ■ 1) Ms. Thiel’s exception of prescription and request for court costs and reasonable attorney’s fees, request for sanctions, and 2) Mr. Richard’s request for reasonable attorney’s fees and court costs. Ms. Thiel timely appealed the trial court’s judgment and raises three (3) assignments of error:
1. The trial court’s determination that Mr. Richard was not properly served is manifestly erroneous or clearly wrong;
2. The trial court’s denial of Ms. Thiel’s exception of prescription is manifestly erroneous or clearly wrong; and
3. The trial court’s denial of Ms. Thiel’s request for attorney’s fees, court costs and sanctions against Mr. Richard is manifestly erroneous or clearly wrong.
Standard of Review
When reviewing the trial court’s findings on an action in nullity, the reviewing court does not review whether the judgment was right or wrong, but whether the trial court’s findings were reasonable. West v. Melancon, 05-1183, p. 3 (La.App. 4 Cir. 4/26/06), 929 So.2d 809, 811. Important reasons for deferring to the trial court’s discretion are the capability to observe the witnesses, the trial [¿court’s “superior opportunity to get the ‘feel of the case,”’ and “the impracticability of framing a rule of decision where many disparate factors must be weighed.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071 (La.1983). [Citations omitted.]
Findings of fact are reviewed under the manifest error rule. Harruff v. King, 13-940, p. 4 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, 1066, reh’g denied (7/9/14), writ denied, 14-1685 (La.11/7/14), 152 So.3d 176. [Citation omitted.] When the review of factual findings of the trial court are at issue, the following two-part analysis applies in order to reverse the fact finder’s determinations: (1) a reasonable factual basis must not exist in the record for the finding of the trial court and (2) the record must establish that the finding is manifestly erroneous or clearly wrong. Id., 13-940, pp. 4-5, 139 So.3d at 1066. [Citation omitted.]
Appellate review of a question of law is simply a decision as to whether the trial court’s decision is legally correct or incorrect.” Id., 13-940, p. 4, 139 So.3d at 1066. [Citations omitted.] When a “trial court’s decision was based on its erroneous application of law ... its decision is not entitled to deference by the reviewing court.” Id. When an appellate court finds a reversible. error of law, the appellate court “must redetermine the facts de novo from the entire record and render a judgment on the merits.” Id. [Citations omitted.]
Petition for Nullity
Ms. Thiel contends that the trial court erred in granting Mr. Richard’s petition for nullity because Mr. Richard’s alleged lack of service in this matter is attributable solely to his conduct. He failed to timely answer her petition to partition; thereafter, he actively avoided service, she argues. Her obligation to serve him was complete upon mailing the certified mail to Mr. Richard, whose | ^failure to accept the mail cannot defeat service. She also maintains that he participated, via phone, in the February 21, 2003 status conference, wherein the trial date was set. Thus, he had actual notice of the trial date.
She contends that she attempted to have Mr. Richard serve through certified mail and through the Plaquemines Parish Sheriffs Office. Nevertheless, all of the certified mail was returned to sender and the sheriffs return states that Mr. Richard *1101 moved without a forward address. Ms. Thiel concludes that Mr. Richard was clearly avoiding service, and the trial court’s holding in granting his petition to annul is manifestly erroneous or clearly wrong. She avers that the trial court did not consider Mr. Richard’s lack of veracity as evidenced in the record. Ms. Thiel references that Mr. Richard pled, in his petition to annul, that he was served with the petition for partition, but, at trial, he denied having been served through domiciliary service with the petition. She also points out that he testified that he resided at his Belle Chasse residence until approximately six months before Hurricane Katrina; yet, he declined service there.
Ms. Thiel maintains that Mr. Richard’s decision to represent himself necessitated that he, as a pro se litigant, apprise the Clerk of Court for Plaquemines Parish that his address changed. She maintains that after he accepted service of the Petition to Partition it was Mr. Richard’s responsibility to alert the clerk when his address changed, but the record reflects that he did not do so, as clerk Becky Kaliszeski testified. She further relies upon La.Code Civ. Proc. art. 1571 in support of her position that it was Mr. Richard’s duty to advise the trial court of his current address. Louisiana Code Civ. Proc. art. 1571(B) states:
A party who appears in proper person before the Court shall advise the Court of his current address and any change of address during the pendency of the 1 (¡proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party’s last known address of record.
Lastly, Ms. Thiel argues that the Fifth Circuit upheld the denial of a defendant’s petition to annul where the defendant actively avoided service after being served with the original petition. Gordon v. Coker, 94-402 (La.App. 5 Cir. 11/29/94), 646 So.2d 1189. The Court further explained that a litigant is to receive notice of trial when he or she files written request for notice pursuant to La.Code Civ. Proc. art. 1572.[4] Ms. Thiel avers that the record shows that Mr. Richard did not file such a notice.
A nullity action may be brought under La.Code Civ. Proc. art. 2002, entitled Annulment for vices of form; time for action, and La.Code Civ. Proc. art. 2004, entitled Annulment for vices of substance; per-emption of action. La.Code of Civ. Proc. art. 2002 provides:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
|7B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
*1102 Moreover, La.Code Civ. Proc. art. 2004 states:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
The district court held that based upon its review of the record, under art. 2002(A)(2), Mr. Richard was not served with notice of the status hearing, nor with the notice of trial. This finding is neither manifestly erroneous nor clearly wrong based upon the record. The record shows that aside from service of the petition for partition, Mr. Richard was not served with any other pleadings, orders or judgments.
Furthermore, we find Ms. Thiel’s reliance upon La.Code Civ. Proc art. 1571(B) and Gordon to be misplaced. Louisiana Code Civ. Proc art. 1571(B) is inapplicable in this matter because Mr. Richard never made an “appearance” in proper person, by which he would have subjected himself to the obligation of advising the trial court of his change of address. Likewise, in Gordon, the district court determined that an appellant, who was initially represented by counsel, was dodging service after having been served with successive pleadings, including notices of hearings. However, in the matter sub judice, the trial court was the fact-finder and held that there was insufficient evidence to conclude that Mr. Richard was evading service.
^Furthermore, we note that Ms. Thiel could have insured that service was not an issue in the partition proceedings. She had the option of moving to appoint a special process server, or a moving to appoint a curator, if she believed that Mr. Richard was evading service.
Moreover, aside from finding the lack of service upon Mr. Richard as a basis for nullifying the Partition Judgment, the trial ' court also held that Partition Judgment is legally invalid because the trial court failed to comply with the mandatory procedural requirements of La.Rev.Stat. 9:2801(A). Bible v. Bible, 03-2793, p. 5 (La.App. 1 Cir. 9/17/04), 895 So.2d 547, 550. . Specifically, the trial court determined that the record in partition proceeding, case number 44-991, revealed that the trial court did not issue an order setting deadlines for the filing of sworn descriptive lists, and no detailed descriptive lists or traversals were ever filed as required by La.Rev.Stat. 9:2801(A). Ms. Thiel does not address this finding on appeal. In consideration of this and for the foregoing reasons, we find that this assignment of error is without merit.
Exception of Prescription
Ms. Thiel argues that the district court’s denial of her exception of prescription was manifestly erroneous or clearly wrong because Mr. Richard voluntarily acquiesced in the Partition Judgment, under La.Code Civ. Proc. art. 2003, and his nullity action has prescribed under La.Code Civ. Proc. arts. 2002, 1974, 2087 and 2123.
A trial court’s ruling on an exception of prescription is reviewed under the manifest error or clearly wrong standard. Marshall v. Maynard, 09-1132, p. 2 (La.App. 4 Cir. 3/24/10), 35 So.3d 1134, 1136, writ denied, 10-0910 (La.6/18/10), 38 | 9So.3d 331. [Citation omitted]. The manifest error inquiry is not whether the trial court was right or wrong, but whether its determinations were reasonable. Id. (citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) and Turnbull v. Thensted, 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 149). If the trial court commits an *1103 error of law, however, the applicable standard of review is de novo. Id. (citing Edwards v. Pierre, 08-0177 (La.App. 4 Cir. 9/17/08), 994 So.2d 648, 656).
Regarding La.Code Civ. Proc. arts. 2002 and 2003, Ms. Thiel contends that Mr. Richard voluntarily acquiesced in the Partition Judgment, under La.Code Civ. Proc. art. 2003;[5] therefore, pursuant to that exception he cannot annul the Partition Judgment for any of the grounds listed in La.Code Civ. Proc. art. 2002. She argues that Louisiana courts have held that a litigant has voluntary acquiesced? where a litigant:
1) Waits years after a judgment has been rendered to bring a nullity action. Bergman v. Bergman, 425 So.2d 831 (La.App. 5th Cir.1982);
2) Fails to timely appeal a judgment after a litigant who had notice of a judgment failed to timely appeal the judgment. Palmer v. Leclercq, 07-0604 (La.App. 4 Cir. 9/24/08), 996 So.2d 21; and
3) fails to object to the execution of a judgment at the time of its execution. Hagedorn Motors Inc. v. Jones, 280 So.2d 643 (La.App. 1 Cir.1973), writ of certiorari denied, 282 So.2d 516 (La.1973).
hnHowever, the cases relied upon by Ms. Thiel are factually distinguishable from the instant matter. Bergman is factually distinguishable because a curator was appointed to represent a non-resident spouse, who was served with the petition for divorce, but failed to file an answer. The curator located the non-resident spouse, whose attorney waited 45 days to respond to the curator. When the nonresident spouse’s attorney contacted the curator, the attorney was informed that a default judgment of divorce had been rendered and that the non-resident spouse had 30 days from the date of the judgment to file an appeal or an action for nullity. The non-resident spouse took no action until five years later, when she attempted to nullify the Louisiana divorce judgment in a Pennsylvania court. Bergman, 425 So.2d at 831-832. In the instant matter, a curator was not appointed to represent Mr. Richard, and he had no notice of the Partition Judgment rendered against him.
Regarding Palmer, the petitioner in the nullity action did not allege that any of the vices of form listed in La.Code Civ. Proc. art. 2002 were present nor did he argue that the judgment at issue was obtained by fraud or ill practices, as required for a nullity action under La.Code Civ. Proc. art. 2004. Palmer, 07-0604, p. 8, 996 So.2d at 26. We further held that petitioner/appellant acquiesced in the judgment because he did not appeal the judgment. Id. Mr. Richard, however, did allege that both vices of form and of substance existed under La. Code Civ. Proc. arts. 2002 and 2004, respectively.
Finally, Hagedom involved an appellant seeking to nullify a judgment of fieri fleas five years after the judgment was rendered. The First Circuit explained that the appellant voluntarily acquiesced in the judgment “because he did not attempt to enjoin the enforcement of the execution of the judgment when he suffered his vehicle to be seized without complaint.” • Hagedom, 280 So.2d at 644-1 n 645. The Court further found that he was personally served with a copy of the notice of seizure of his vehicle less than a month after the judgment was rendered; moreover, he was *1104 present in the Parish at the time of the seizure. Id. In the matter sub judice, Mr. Richard did not have actual notice of the trial date or the Partition Judgment. Additionally, Mr. Richard filed his petition for nullity in January 2010, which is the month after he was served — on December 8, 2009 — with a “Petition to make Money Judgment Executory and for Issuance of a Writ of Fieri Facias”. He alleges that this is when he first discovered that the Partition Judgment existed.
A nullity action for vices of form may be brought at any time, unless one of the exceptions contained in La.Code Civ. Proc. art. 2003 is applicable. La.Code Civ. Proc. art. 2002(B). The district court’s determination that art. 2003 was not applicable is not manifestly erroneous or clearly wrong based upon the record. As discussed above, Mr. Richard did not voluntarily acquiesce in the Partition Judgment. Moreover, the Plaquemines’ Parish Sheriffs return of March 2003 indicates that Mr. Richard was no longer residing in Plaque-mines Parish when the Partition Judgment was rendered. Also, the court heard conflicting testimony as to whether Mr. Richard was present for the status conference, and ultimately determined that he did not participate in the conference. Therefore, neither of the exceptions of La.Code Civ. Proc. art. 2003 are applicable in this matter.
Additionally, Ms. Thiel contends that Mr. Richard did not timely bring his nullity claim within one year of the discovery by the plaintiff of the fraud or ill practice as required by art. 2004. Ms. Thiel maintains that by mailing the Partition Judgment, via certified mail, to Mr. Richard in July 2014, he was served with the Partition Judgment under La.Code Civ. Proc. art. 1313. She further contends that his request to annul the. Partition Judgment based upon La.Code Civ. Proc. art. |1S2004 should be denied because there was no evidence presented at trial to prove fraud or ill practice.
Although Mr. Richard raised claims based upon both La.Code Civ. Proc. arts. 2002 and 2004 in his nullity petition, the trial court relied solely upon art. 2002 in granting Mr. Richard’s nullity petition. A review of whether Mr. Richard’s claims under art. 2004 were brought timely is unnecessary because the district court did not grant the petition based upon that article.
Lastly, Ms. Thiel avers that Mr. Richard’s claims have prescribed under La. Code Civ. Proc. arts. 1974, 2087 and 2123. However, we do not find a review of those articles is necessary because, as previously discussed, the prescriptive period for Mr. Richard’s nullity action is controlled by La.Code Civ. Proc. art. 2002. The trial court’s denial of Ms. Thiel’s exception prescription is not manifestly erroneous or clearly wrong. For the foregoing reasons, we find that this assignment of error is without merit.
Denial of Request for Attorney’s Fees, Court Cost and Sanctions
In her last assignment of error, Ms. .Thiel argues that Mr. Richard should be sanctioned and ordered to pay her attorney’s fees and court costs because he deliberately evaded service to avoid having to partition their community property. She argues that Mr. Richard thwarted the legal process and caused her legal fees and court costs to increase as she attempted to seek reimbursement from him for the community debts she paid.
We uphold the trial court’s determination that while it was possible that Mr. Richard was dodging service there was insufficient proof of this at the nullity hearing. When there are two permissible views of the evidence, the trier of fact’s | ^choice between them cannot be manifest *1105 ly erroneous. Rosell, 549 So.2d at 844. While a different fact finder may have reached a different conclusion, we cannot say that the trial court’s holding is manifestly erroneous or clearly wrong. This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the trial court granting the petition to annul of James Richard, and denying the exception of prescription and request sanctions, attorney’s fees and court costs of Jolene Carter Babin Richard Thiel, is affirmed.
AFFIRMED

. Mr. Eggleston was not served with the partition petition. Furthermore, he died in December 2001.

. The last date the Sheriff attempted to serve Mr. Richard with the Order for the bench trial was March 5, 2003.

.No assets were listed in the judgment nor was property apportioned therein.

. La.Code Civ. Proc. art. 1572 states:
The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.

. La.Code Civ. Proc. art. 2003, entitled Same; action lost through acquiescence, states:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.