HARVEY CANAL LIMITED PARTNERSHIP

VERSUS

NATIONAL RESPONSE RESTORATION CORP.

NO. 23-CA-195

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 628-108, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

January 31, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**<u>AFFIRMED</u>**
    **TSM**
    **FHW**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
HARVEY CANAL LIMITED PARTNERSHIP
     Joseph P. Rumage, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
THOMAS MCALISTER
     Edward P. Sutherland

**MARCEL, J.**

In this case arising from a default judgment on a lease of commercial properties, Harvey Canal Limited Partnership ("Harvey Canal") appeals a judgment of the trial court granting a Petition to Annul Judgment filed by judgment debtor Thomas McAlister. For the following reasons, we affirm.

BACKGROUND

Harvey Canal owns commercial properties located at 2025 Destrehan Avenue and Buildings "B" and "C" of 2021 Destrehan Avenue, Harvey, Louisiana. These properties were leased to National Response Restoration Corporation ("NRRC") pursuant to a lease dated September 15, 2005.

On February 10, 2006, Harvey Canal filed a Petition for Damages and Rule to Evict against NRCC for its purported failure to make timely rent payments and for damages to the premises. Thereafter, Harvey Canal filed a First Amending and Supplemental Petition on May 23, 2006. This amended petition added Thomas McAllister as a defendant and alleges that Mr. McAllister perpetrated a fraud upon plaintiff in misrepresenting the corporate existence of NRRC.

The trial court entered a default judgment against NRRC and Mr. McAlister on October 26, 2006 in the amount of $312,417 representing $89,500 for rents due, subject to a credit of $31,500 for rents collected upon re-leasing parts of the premises, and $254,047 as the cost of repairs and renovations together with all costs and expenses of litigation and reasonable attorney's fees as set forth in the lease at 20% of the amount of the judgment.

On April 1, 2013, Mr. McAlister filed a Petition to Annul Judgment. Therein he alleged that NRRC is a New York legal entity and that he has never been an owner, shareholder, officer, director, or employee of the company. Mr. McAlister stated that he acted on behalf of NRRC for the sole and limited purpose

of signing the lease with Harvey Canal, pursuant to authority granted by the owner, Mr. Joseph Sotille. While acknowledging that he was a limited agent for the purposes of executing the lease, Mr. McAlister contends he was never an agent for service of process for NRRC.

Mr. McAlister additionally prayed for annulment of the default judgment because service of Harvey Canal's Petition for Damages and Rule to Evict and its First Amending and Supplemental Petition on him was defective. As to service of the original petition, Mr. McAlister contends it was defective both because it was served on his 13-year-old niece, Amanda Hymel, who was not a resident in his domicile, and because NRRC was the only named defendant in the Petition for Damages and Rule to Evict. Mr. McAlister also claims the service of the First Amending and Supplemental Petition on May 26, 2006 was defective because it was served by the deputy sheriff on Wayne Alford, who was not a resident of his domicile. According to Mr. McAlister, he was never personally served with citation or a copy of either petition.

On May 24, 2022, the matter proceeded to a trial on the merits on the Petition to Annul. Presented to the trial court were the testimonies of Mr. McAlister and a Livingston Parish Sheriff's Office deputy as well as the deposition testimony of Wayne Alford and other documentary evidence. The court at that time also considered exceptions of no cause of action and no right of action filed by Harvey Canal in response to Mr. McAlister's petition. The trial court entered a judgment in favor of Mr. McAlister granting his petition to annul the default judgment on October 6, 2022.[1] Harvey Canal's timely appeal followed.

On appeal, Harvey Canal argues that the trial court erred in granting the petition to annul because Mr. McAlister acquiesced to the default judgment and

---

[1] The trial court initially signed a judgment granting Mr. McAlister's petition and annulling the October 26, 2006 judgment on June 30, 2022, but later amended this judgment on October 6, 2022 to clarify that the October 26, 2006 judgment was declared annulled only with respect to Mr. McAlister, but not NRRC.

because Mr. McAlister failed to provide satisfactory proof to overcome the legal presumption of valid service of process. We consider these arguments in our discussion below.

DISCUSSION

A final judgment shall be annulled if rendered against a defendant who has not been served with process as required by law, and may be annulled for vices in form or substance. La. C.C.P. arts. 2002, 2001. In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Hall v. Folger Coffee Co.*, 03-1734, (La. 4/14/04), 874 So.2d 90, 98; *Richard v. Richard*, 14-1365, (La. App. 4 Cir. 6/3/15), 171 So.3d 1097, 1100.

*Service of the Petition*

We address first the question of whether Mr. McAlister was properly served with the First Amending and Supplemental Petition naming him personally as a defendant. Discussion of service of the Petition for Damages and Rule to Evict is pretermitted because Mr. McAlister was not named as a defendant in that pleading.

Except as otherwise provided, an action to annul a judgment for lack of service of process may be brought at any time. *Id.* The justification for requiring a defendant to bring a separate suit to annul a judgment for insufficient service is to permit a hearing with the introduction of evidence to ascertain facts regarding whether a defendant was properly served. *Hall v. Dep't of Pub. Safety & Corr.*, 22-374, (La. App. 5 Cir. 7/26/23), 374 So.3d 139, 144.

Service of citation or other process may be either personal or domiciliary, and except as otherwise provided by law, each has the same effect. La. C.C.P. art. 1231. Except as otherwise provided by law, service shall be made by the sheriff of the parish where service is to be made or the parish where the action is pending.

La. C.C. art. 1291. Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be serviced with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234. It is well settled that service upon one not living at the domicile of the defendant is not valid and no judgment can be rendered thereon. *KCREW Investments, LLC v. Clark*, 54,003, (La. App. 2 Cir. 6/30/21), 324 So.3d 242, 245, (citing *Wilson v. King*, 227 La. 546, 79 So.2d 877, (1955)).

A completed service return is *prima facie* proof of valid service. La. C.C.P. art. 1292. However, this presumption is rebuttable. A party seeking to overcome the rebuttable presumption afforded by a completed sheriff's return of service must prove by a preponderance of the evidence, or more probably than not, proper service was not made. *Hall v. Folger Coffee Co.*, 874 So.2d at 98; *Roper v. Dailey*, 393 So.2d 85, 88 (1980).

Introduced into evidence at trial was a copy of the sheriff's return for the First Amending and Supplemental Petition. The return reflects domiciliary service was made upon Wayne Alford on May 26, 2006 by a Livingston Parish Sheriff's Deputy. A deputy with that sheriff's office, Jason Schleigelmeyer, was called to testify at trial. His testimony was limited to service of the Notice of Default Judgment on November 21, 2006. Deputy Schleigelmeyer was unable to provide specific factual testimony regarding the domiciliary service of the First Amending and Supplemental Petition.

As to Livingston Parish Sheriff's Office policies concerning domiciliary service, Deputy Schleigelmeyer testified that he would "speak to a person at the residence to see if, in this case, Mr. Thomas, would still be living there. And they'll say 'yes' or 'no'. If they say 'yes', I will get their information, serve them as a domiciliary service and return it as that." Deputy Schleigelmeyer did not

testify that he inquires as to the age of the individual served or whether that individual resides at the residence. "I'm not sure of a policy [on domiciliary service]…but…that's how we were trained to do it."

At trial, Mr. McAlister testified that he was never served with a petition for damages. According to Mr. McAlister's testimony, Wayne Alford was a friend who was performing remodeling work to his house and who was never a resident of any household which he owned. Further, Mr. McAlister testified that he had never seen the papers given to Mr. Alford and was unaware that he had received any papers until much later. While acknowledging personal service of the notice of the default judgment against him in November of 2006, Mr. McAlister testified that he did not understand the judgment to be against him personally, rather than NRRC, until he was advised so by his bankruptcy attorney in 2011.

The deposition testimony of Wayne Alford was introduced into evidence at trial in lieu of live testimony without objection. In his deposition, Mr. Alford testified that he has never lived in Thomas McAlister's domicile. Mr. Alford testified to living on Denham Road in Baton Rouge, Louisiana at the time the deputy sheriff served him with papers at Mr. McAlister's dwelling. According to his testimony, Mr. Alford was remodeling Mr. McAlister's house and he did not recall what he did with the papers or telling Mr. McAlister that he had received legal papers.

Harvey Canal argued at the trial and argues again on appeal that this evidence is insufficient to rebut the presumption of valid service. Supporting its argument, Harvey Canal contends Mr. McAlister's testimony is not credible, and cites Mr. Alford's inability to recall sufficient details regarding the service of the petition. We disagree.

Under the manifest error standard of review, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless it is

clearly wrong. *Uddo v. Jefferson Par. Hosp. Serv. Dist. No.2*, 22-403, (La. App. 5 Cir. 4/12/23), 361 So.3d 1123, 1131, *writ denied*, 23-00677, (La. 9/26/23), 370 So.3d 475. Upon review, we find no error in the trial court's decision to credit the testimonies of Mr. McAlister and Mr. Alford.

The evidence indicates that Mr. Alford was neither domiciled at Mr. McAlister's residence nor was he authorized to receive service of process for Mr. McAlister. We agree with the trial court that Mr. McAlister has met his burden in showing that, more probably than not, he was not served with the First Amending and Supplemental Petition as required by law.

*Acquiescence under La. C.C.P. art. 2003*

Harvey Canal also presents on appeal that the trial court erred in failing to find Mr. McAlister acquiesced in the default judgment. Vices of form or substance are permissible grounds for annulling a final judgment. La. C.C. art. 2001. Under La. C.C.P. art. 2003, a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds for vices of form enumerated in La. C.C.P. art. 2002. While it is settled in Louisiana law that a defendant may acquiesce in a judgment illegally rendered by voluntarily executing it, or by permitting it to be executed when the defendant is in the parish where the execution takes place, a promise to pay the amount of the judgment does not constitute acquiescence. La. C.C.P. art. 2003; *Andrews v. Sheehy*, 125 La. 217, 222, 51 So. 122, 124, (1909); *see also Donnell v. Quatroy*, 03-1145, (La. App. 5 Cir. 1/27/04), 866 So.2d 917.

Acquiescence in a judgment is never presumed and must be established by evidence that leaves no doubt of the required intent. The party seeking to prove acquiescence must show that it is both voluntary and unconditional. *Bergman v. Bergman*, (La. App. 5 Cir. 12/9/82), 425 So.2d 831, 833; *see also Orgeron v. Sec.*

*Indus. Funeral Homes, Inc.*, 96-2127, (La. App. 4 Cir. 2/26/97), 690 So.2d 243, 245.

Harvey Canal argues that Mr. McAlister 'acquiesced' to the default judgment when he proposed to pay the judgment as part of his Chapter 13 bankruptcy plan which he filed in federal court in 2011. In support of this argument, Harvey Canal introduced as evidence the schedule of assets and debts filed by Mr. McAlister in bankruptcy court. In that filing, Harvey Canal contends Mr. McAlister failed to mark the debt owed to Harvey Canal as "disputed" and included a plan of reorganization that proposed payment plans of the judgment debt owed Harvey Canal. The bankruptcy proceedings were later voluntarily dismissed with the consent of all parties. While the documents do list the default judgment as an unsecured debt, the same documents contained an objection to the default judgment stating:

> Harvey Canal Limited Partnership has filed an unsecured claim in excess of $312,000, which is based upon a default judgment; and the Debtors expect to object to this claim and to dramatically reduce the amount or unsecured claims.

Such statements, as well of those made by Mr. McAlister in the course of his testimony at trial are not indicative of someone who has voluntarily and unconditionally acquiesced in the execution of the default judgment against him. Applying the manifest error standard of review, we find no error in the trial court's factual determination that Mr. McAlister did not acquiesce in the default judgment pursuant to La. C.C.P. art. 2003.[2]

---

[2] In support of its contention that Mr. McAlister's filings in the bankruptcy court constitute a voluntary acquiescence in the default judgment against him, Harvey Canal cites many out-of-state cases and federal rules, but only three Louisiana cases: *Meridian Fertilizer Factory v. Collier*, 193 La. 815, 192 So. 358 (1939); *Chalkley v. Pellerin*, (La. App. 1 Cir. 2/15/1939), 186 So. 382; and *Bank of New York Mellon v. Oldemeyer*, 19-348, (La. App. 3 Cir. 10/9/19), 282 So.3d 1098, *writ denied*, 20-00034 (La. 2/26/20), 347 So.3d 869. We do not find Harvey Canal's citation to these cases persuasive. They are all distinguishable because they concern what constitutes the acknowledgment of a debt in bankruptcy proceedings for purposes of interrupting prescription. None of these cases concern voluntary acquiescence to a default judgment under La. C.C.P. art. 2003. This argument is without merit.

In the alternative, Harvey Canal asserts that Mr. McAlister's statements in the bankruptcy proceedings should be construed as a judicial confession. A judicial confession is a declaration made by a party in a judicial proceeding that constitutes full proof against the party who made it. La. C.C. art. 1853; *see also Fields v. Ochsner Med. Ctr. - Kenner, L.L.C.*, 22-64, 2022 WL 1486065, (La. App. 5 Cir. 5/11/22). To constitute a judicial confession, the statement must be the express acknowledgment of an adverse fact. *Hayes v. Air & Liquid Sys. Corp.*, 54,017, (La. App. 2 Cir. 8/11/21), 326 So.3d 324, *writ denied*, 21-01387, (La. 11/23/21), 328 So.3d 83.

Admissions in proceedings other than the one being currently adjudicated are considered extrajudicial confessions or admissions. Such admissions are evidence, but do not create conclusive presumptions or operate as an estoppel against the party making them. *Kaufmann v. Corp. Realty, Inc.*, 99-1104, (La. App. 5 Cir. 4/12/00), 759 So.2d 969, 974, *writ denied*, 00-1967, (La. 9/29/00), 769 So.2d 1221. We find that Mr. McAlister's statements in the federal court proceeding do not constitute judicial confessions in this proceeding, and therefore Harvey Canal's argument is without merit.

CONCLUSION

We find no manifest errors in the trial court's determinations that Mr. McAlister was never properly served with the First Amending and Supplemental Petition and that he did not voluntarily and unconditionally acquiesce to the default judgment with his statements made in the bankruptcy court. The trial court correctly granted Mr. McAlister's Petition to Annul the default judgment for vices of form pursuant to La. C.C.P. art. 2002. The October 6, 2022 judgment of the trial court is affirmed. We dismiss as moot the Motion to Supplement the Record filed by appellee.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-195

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
JOSEPH P. RUMAGE, JR. (APPELLANT)

**MAILED**
EDWARD P. SUTHERLAND (APPELLEE)
ATTORNEY AT LAW
439 NORTH 9TH STREET
BATON ROUGE, LA 70802